James P. Keenley (State Bar No. 253106)
Brian H. Kim  (State Bar No. 215492)
Emily A Bolt (State Bar No. 253105)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Olga GORBACHEVA,<br><br>     Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES EXTENDED DISABILITY PLAN; ABBOTT LABORATORIES ANNUITY RETIREMENT PLAN; ABBOTT LABORATORIES RETIREE HEALTH CARE PLAN; ABBOTT LABORATORIES, INC.; JAMES SIPES, as Plan Administrator of the Abbott Laboratories Extended Disability Plan,<br><br>     Defendants. | Case No.: 14-cv-2524<br><br>**COMPLAINT (ERISA)** |

## INTRODUCTION

1.     This case challenges Defendant Abbott Laboratories, Inc.'s denial of Plaintiff Olga Gorbacheva's claim for benefits under the Abbott Laboratories Extended Disability Plan (the "Disability Plan").  Plaintiff was and is disabled under the terms of the Disability Plan and

Case No.: 14-cv-2524                                1                                COMPLAINT (ERISA)

therefore entitled to benefits under the Disability Plan along with additional benefits under the Abbott Laboratories Annuity Retirement Plan (the "Retirement Plan") and the Abbott Laboratories Retiree Health Care Plan (the "Retiree Health Plan").  Additionally, the Plan Administrators,  James Sipes and Abbott Laboratories, Inc., failed to timely produce documents they were legally obligated to produce in response to Plaintiff's written requests and are accordingly liable to Plaintiff for statutory penalties.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4. This case should be assigned to the San Jose Division because some or all Defendants may be found within this division and the relevant acts and omissions occurred within this division.

## PARTIES

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Disability Plan, the Retirement Plan, and the Retiree Health Plan.

6.     At all relevant times, the Disability Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Abbott Laboratories, Inc.

7.     At all relevant times, the Retirement Plan was an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), sponsored by Abbott Laboratories, Inc., that provided pension benefits to employees and retirees of Abbott Laboratories, Inc., including those who are disabled and eligible for benefits under the Disability Plan.

8.     At all relevant times, the Retiree Health Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Abbott Laboratories, Inc., that provided health benefits to employees and retirees of Abbott Laboratories, Inc., including those who are disabled and eligible for benefits under the Disability Plan.

9.     At all relevant times, Abbott Laboratories, Inc., was the "sponsor" and "administrator" of the Disability Plan, the Retirement Plan, and the Retiree Health Plan, within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

10.    Defendant James Sipes, as the Divisional Vice President, Compensation and Benefits is the "administrator" of the Disability Plan within the meaning of ERISA § 3(16), 29 U.S.C. § 1002(16).

11.    At all relevant times, Plaintiff was a participant in the Disability Plan, Retirement Plan, and Retiree Health Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in that she was an employee or former employee of Abbott Laboratories, Inc., who is or may become eligible to receive a benefit under each plan.

**FACTS**

12.    At all relevant times the Disability Plan offered, among other things, disability income benefits to employees and former employees of Abbott Laboratories, Inc., including Plaintiff, provided that Plaintiff establishes that she is totally disabled under the terms of the Disability Plan.

Case No.: 14-cv-2524                             3                                COMPLAINT (ERISA)

13. The Disability Plan defines "Disability or Disabled" as follows:

 a. Until such time as Plan benefits have been payable for twenty-four (24) months, the terms "Disability" or "Disabled" mean that the Participant requires Regular Care and medical evidence indicates that, due to a Sickness or Injury, the Participant is completely prevented from performing all the duties required to be performed in the Participant's own occupation or employment.

 b. At such time as Plan benefits have been payable for twenty-four (24) months, the terms "Disability" or "Disabled" mean that, due to a Sickness or Injury the Participant is completely prevented from performing any occupation or employment for which the Participant is qualified or may reasonably become qualified, based on his or her training, education, or experience.

14. The definition of "Disability" set forth in Paragraph 13.b, *supra*, went into effect on February 20, 2014.

15. Prior to becoming disabled, Plaintiff worked as a clinical research associate for Abbott Laboratories, Inc.

16. On August 19, 2011, Plaintiff became disabled within the meaning of the Disability Plan due to severe pain in her neck, back, legs, and knees.

17. Plaintiff's pain is the result of sicknesses and injuries that have been repeatedly documented in objective imaging studies and functional capacity testing.

18. Plaintiff's treating physicians, occupational health expert Alan Nelson, and the Social Security Administration have unanimously concluded that she is unable to work in any capacity.

19. The Disability Plan terms explicitly required Plaintiff to file for "disability benefits under the Social Security Act."

20. Plaintiff did file a claim for Social Security Disability Insurance benefits under the Social Security Act, and this claim was approved with an effective date of August 19, 2011. In so approving, the Social Security Administration concluded, among other things:

    a. That Plaintiff suffers from a "severe combination of impairments;"

    b. That Plaintiff is limited to performing "simple, routine, repetitive tasks with only simple work related decisions;"

    c. That Plaintiff is "unable to perform any past relevant work;"

    d. That Plaintiff's past-relevant work exceeds her residual functional capacity; and

    e. That there are "no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

21. A true and correct copy of the Social Security Administration's written decision on Plaintiff's claim is attached hereto as Exhibit A.

22. Despite the fact that the Disability Plan required Plaintiff to apply for Social Security Disability Insurance benefits and the fact that Defendants were aware of Plaintiff's claim and the fully favorable decision on her claim, Defendants did not consider the Social Security Administration's favorable decision, explain why Defendants reached a contrary conclusion, or obtain any of the Social Security Administration's records.

23. On or about August 19, 2011, Plaintiff filed a claim for benefits under the Abbott Laboratories Short Term Disability Plan, this claim was approved and paid in full.

24. On or about the close of the Short Term Disability Plan's maximum benefit period, Plaintiff's claim was considered for benefits under the Disability Plan.

25. Plaintiff's claim for benefits under the Disability Plan was initially approved and paid up through July 31, 2012.

26. By letter dated August 3, 2012, the claims administrator, Matrix Absence Management, Inc., notified Plaintiff that her claim for benefits under the Disability Plan was denied for benefits beyond July 31, 2012. Plaintiff received the August 3, 2012 determination on or about August 8, 2012.

27. Plaintiff timely appealed the August 3, 2012, adverse benefit determination on January 31, 2013. Plaintiff explicitly argued in her appeal that she was disabled under both definitions of disability set forth in Paragraph13, *supra*.

28. Plaintiff's first-level appeal was denied by letter dated May, 15, 2013. In so doing, Matrix Absence Management, Inc., failed, among other things, to comply with time limits set forth in the governing plan documents for consideration of first-level appeals.

29. Plaintiff timely appealed the May 15, 2013, decision. Plaintiff explicitly argued in her appeal that she was disabled under both definitions of disability set forth in Paragraph 13, *supra*.

30. Plaintiff's second-level appeal was denied by letter dated February 27, 2014 from James Sipes, Divisional Vice President Benefits and Wellness for Abbott Laboratories, Inc.

31. In so denying Plaintiff's second-level appeal, Defendant Sipes refused to consider relevant information, including the favorable Social Security decision and medical reports that Plaintiff was only able to obtain in February 2014 after she became eligible for Medicare, despite repeated written and verbal notice from Plaintiff that such information was available and would be forthcoming as soon as it could be produced. A true and correct copy of one of the medical reports that Defendant Sipes failed to consider, a detailed report from Norman Banks, M.D., Plaintiff's current treating physician, is attached hereto as Exhibit B. Defendant Sipes also failed to consider Plaintiff's claim in light of the definition of disability set forth in Paragraph 13.b, despite Plaintiff's explicit assertion that she was disabled under this plan provision and despite the fact that this definition of disability was in effect at the time of Defendant Sipes's second-level appeal review.

32. In denying Plaintiff's second-level appeal, Defendant Sipes violated the Department of Labor's regulations under ERISA § 503, 29 U.S.C. § 1133, deprived Plaintiff of a full and fair review of her claim, and failed to engage in a "meaningful dialogue" with the Plaintiff under *Booton v. Lockheed Medical Benefit Plan*, 110 F. 3d 1461, 1463 (9th Cir. 1997) and *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009), among other authorities.

33. Plaintiff has exhausted her administrative remedies with respect to the Disability Plan under both definitions of disability set forth in the governing plan documents and reproduced in Paragraph 13, *supra*.

34. The Retirement Plan provides service credits for periods of time during which a participant is eligible for benefits under the Disability Plan.

35. Because Plaintiff's claim for benefits under the Retirement Plan is necessarily linked to the determination of her eligibility for benefits under the Disability Plan, any further administrative claims procedures under the Retirement Plan would be futile.

36. The Retiree Health Plan provides health benefits to participants who are eligible for benefits under the Disability Plan.

37. Because Plaintiff's claim for benefits under the Retiree Health Plan is necessarily linked to the determination of her eligibility for benefits under the Disability Plan, any further administrative claims procedures under the Retiree Health Plan would be futile.

38. On April 17, 2014, Plaintiff requested that the Defendant Sipes and Defendant Abbott Laboratories, Inc., provide copies of all documents governing the Disability Plan, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), including the latest updated summary plan description, the group policy contract, and the bargaining agreement, trust agreement or any other instruments under which the plan is established or operated.

39. Defendants Sipes and Abbott Laboratories, Inc., failed to produce numerous documents they were required to produce under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), including, but not limited to, the latest annual report for the Disability Plan, agreements under which the Disability Plan is established and operated, policy documents and procedural manuals under which the Disability Plan is established or operated, governing plan instruments under which the Retirement Plan is established or operated with respect to disabled participants, and governing plan instruments under which the Retiree Health Plan is established or operated with respect to disabled participants.

40. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff suffered damages as outlined below.

41. As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied disability benefits under the Disability Plan to which she is entitled together with interest thereon.

42. As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied service credits under the Retirement Plan to which she is entitled which has caused Plaintiff damages in the form of uncredited vested pension benefits under the Retirement Plan.

43. As the result of the actions of Defendants, and each of them, Plaintiff has been improperly denied health benefits under the Retiree Health Plan to which she is entitled which has caused Plaintiff damages in the form of out-of-pocket medical costs, out-of-pocket health insurance premiums, and severe emotional distress occasioned by her loss of health insurance and attendant inability to obtain basic medical care.

44. As a further result of the actions of Defendants, and each of them, Plaintiff has been required to engage the services of legal counsel for the purpose of obtaining her employee welfare and pension benefits.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant Abbott Laboratories Extended Disability Plan]**

45. Plaintiff incorporates Paragraphs 1 through 44 as though fully set forth herein.

46. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

47. At all relevant times, under the terms of the Disability Plan as set forth in the governing plan instruments, Plaintiff became and remains disabled and entitled to benefits under the Disability Plan.

48. By terminating Plaintiff's claim for disability benefits, and by related acts and omissions, Defendants have violated, and continues to violate, the terms of the Disability Plan and Plaintiff's rights thereunder. Defendants' refusal to pay Plaintiff benefits violates the terms of the Disability Plan, and Defendants' actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendants failed and refused to honor the Plan. Defendants are therefore liable for all benefits due under the Plan.

49. As a proximate result of Defendants' actions, Plaintiff has been deprived of her disability benefits to which she was and is entitled and has suffered damages. Plaintiff further seeks a declaration as to her entitlement to future benefits and an injunction prohibiting Defendants from terminating or reducing her benefits until the end of the maximum benefit period under the Disability Plan.

**SECOND CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant Abbott Laboratories Annuity Retirement Plan]**

50. Plaintiff incorporates Paragraphs 1 through 44 as though fully set forth herein.

51. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

52. At all relevant times, under the terms of the Disability Plan as set forth in the governing plan instruments, Plaintiff became and remains disabled and entitled to benefits under the Disability Plan.

53. Under the terms of the Retirement Plan, Plaintiff is entitled for service credits for the period of time during which she has been and will be eligible for benefits under the Disability Plan.

54. By terminating Plaintiff's claim for disability benefits, and by related acts and omissions, Defendants have violated, and continue to violate, the terms of the Disability Plan and

Plaintiff's rights thereunder. Defendants' refusal to acknowledge Plaintiff's eligibility for benefits under the Disability Plan has further caused Plaintiff to not be credited with service credits under the Retirement Plan to which she is entitled under the terms of both the Disability Plan and Retirement Plan.

55. As a proximate result of Defendants' actions, Plaintiff has not been credited with pension benefits to which she is entitled under the Retirement Plan and Plaintiff seeks a declaration from the Court as to her entitlement to these benefits and an injunction requiring Defendants to modify the Retirement Plan records to reflect the appropriate service credits for the time during which Plaintiff has been and will be eligible for benefits under the Disability Plan.

### THIRD CLAIM FOR RELIEF
### [Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant Abbott Laboratories Retiree Health Plan]

56. Plaintiff incorporates Paragraphs 1 through 44 as though fully set forth herein.

57. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

58. At all relevant times, under the terms of the Disability Plan as set forth in the governing plan instruments, Plaintiff became and remains disabled and entitled to benefits under the Disability Plan.

59. Under the terms of the Retiree Health Plan and Disability Plan, Plaintiff is entitled to health benefits under the Retiree Health Plan during the periods of time for which she has been and will be eligible for benefits under the Disability Plan.

60. By terminating Plaintiff's claim for disability benefits, and by related acts and omissions, Defendants have violated, and continue to violate, the terms of the Disability Plan and Plaintiff's rights thereunder. Defendants' refusal to acknowledge Plaintiff's eligibility for benefits under the Disability Plan has further caused Plaintiff to be deprived of benefits under the Retiree Health Plan.

61. As a proximate result of Defendants' actions, Plaintiff has suffered damages as described in Paragraph 43, *supra*. Plaintiff also seeks a declaration from the Court as to her entitlement to benefits under the Retiree Health Plan and an injunction requiring Defendants' to provide her with benefits under the Retiree Health Plan.

### FOURTH CLAIM FOR RELIEF
**[Claim for Statutory Penalties Pursuant to ERISA § 502(c)(1) and 29 C.F.R. § 2575.502c-1 Against Defendants James Sipes and Abbott Laboratories, Inc.]**

62. Plaintiff incorporates Paragraphs 1 through 44 as though fully set forth herein.

63. ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), and the Department of Labor regulations enacted thereunder at 29 C.F.R. § 2575.502c-1, provides that any plan administrator who fails or refuses to comply with a participant's request for any information which such administrator is required to provide under ERISA is personally liable to the requesting plan participant in the amount of up to $110 per day from the date of such failure or refusal.

64. By failing to provide the Disability Plan's annual report and certain other documents under which the Disability Plan is established or operated, and various documents under which the Retirement Plan and Retiree Health Plan are operated with respect to disabled participants such as Plaintiff, as described in Paragraph 39, Defendants Sipes and Abbott Laboratories, Inc., violated their duties under ERISA to produce information in response to a participant's written request, and are personally liable to Plaintiff in the amount of $110 per day per document from May 17, 2014 until such time as the relevant documents are provided as required by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendants violated the terms of the Disability Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant Disability Plan pay Plaintiff's disability benefits owed under the terms of the Plan from July 31, 2012, through to the date that judgment is

Case No.: 14-cv-2524                              11                              COMPLAINT (ERISA)

rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

   C. Declare Plaintiff's right to receive future disability benefits under the terms of the Disability Plan and enjoin Defendants from denying Plaintiff's claim for benefits under the Disability Plan until such time as she reaches the maximum benefit period under the Disability Plan;

   D. Order that Defendants reimburse Plaintiff for out-of-pocket medical costs and health insurance premiums she incurred as a result of being deprived of benefits to which she was entitled under the Retiree Health Plan, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

   E. Order that Defendants modify the records of the Retirement Plan to reflect Plaintiff's accrual of service credits for the entire time that she has been and will be eligible for benefits under the Disability Plan;

   F. Order that Defendants Sipes and Abbott Laboratories, Inc., pay Plaintiff penalties in the amount of $110 per day, per document that said Defendants failed to produce in response to Plaintiff's written request for relevant plan documents, together with prejudgement interest on each and every such penalty through to the date that the required documents are produced to Plaintiff as required by law;

   G. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

   H. Award prejudgment interest on all benefits owed under the terms of any of the employee welfare and pension benefit plans described herein that have accrued prior to the judgment;

   I. Provide such other relief as the Court deems equitable and just.

//
//
//

Dated: June 2, 2014

                                                      BOLT KEENLEY KIM LLP

                                      By: */s/ James P. Keenley*
                                               James P. Keenley
                                               Attorneys for Plaintiff