UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA GORBACHEVA,<br><br>    Plaintiff,<br><br>    v.<br><br>ABBOTT LABORATORIES EXTENDED DISABILITY PLAN, et al.,<br><br>    Defendants. | Case No.  5:14-cv-02524-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 62 |

Presently before the court is Plaintiff's Motion for Attorney's Fees and Costs.  Dkt. No. 62. Based on the unresolved posture of the case and for the reasons explained briefly below, the court DENIES Plaintiff's Motion without prejudice.

**A.    Relevant Background**

Olga Gorbacheva ("Plaintiff") initially filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, against Abbott Laboratories Extended Disability Plan ("the Plan") for failure to pay long-term disability ("LTD") benefits.  See Compl., Dkt. No. 1.  In May 2015, the Parties filed cross motions for summary judgment on all claims. See Dkt. Nos. 46, 49.  On June 30, 2015, the court granted the Plan's motion for summary judgment as to the second, third, and fourth causes of action.  Dkt. No. 61 at 21.  The court granted Plaintiff's motion for summary judgment "only as to her claim that the Plan Administrator abused its discretion in denying her request for LTD benefits," and remanded the case to the Plan Administrator "to make an initial determination as to whether Plaintiff was entitled to LTD benefits in light of all of the evidence that it should have considered in the first instance."  Id. at 19, 21.

On remand, the Plan Administrator upheld the termination of Plaintiff's extended disability benefits, issuing the decision by letter dated December 29, 2016.  See Dkt. No.71 at 1.  Based on

1

Case No.: 5:14-cv-02524-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE

the Plan's decision, Plaintiff now reasserts her ERISA claim and challenges the Plan's denial of her LTD benefits. Accordingly, on January 23, 2017, the court granted Plaintiff's Motion to Remove Administrative Closure (Dkt. No. 68) and reopened the case for further proceedings. Dkt. No. 70.

### B. Attorney's Fees

In light of the case being reopened, as well as the Parties' suggestion that there remain numerous unresolved issues requiring future litigation, the court directed the Parties to address whether Plaintiff's Motion for Attorney Fees and Costs should be considered at this time, or whether that Motion would be more appropriately brought and decided upon final resolution of the case. See Dkt. No 70.

Plaintiff argues that the court should consider the Motion and award fees without any further delay because, "regardless of what might happen in the future," the court's order remanding the case to the Plan Administrator "was a significant success on the merits and warrants an award of attorney's fees and costs." Joint Statement at 9, Dkt. No. 71. It is Plaintiff's position that "the proceedings that will take place after remand will consider a new record and new legal and factual issues, and thus there is no reason to delay resolution of the attorney's fee issues as they pertain to the original dispute." Id. In contrast, Defendants argue that the Motion would be more appropriately and efficiently brought and decided upon final resolution of the case and, until such resolution, "the full relative merits of the parties' positions and the degree of Plaintiff's success on the merits of her claim are unknown." Id. at 9-10.

The court agrees with Defendants. First, the Parties identify a variety of contentious and ongoing issues to be resolved by way of continuing litigation. It would therefore be inefficient for the court to consider the instant Motion for Attorney's Fees when Plaintiff and/or Defendants will likely bring additional fees motions at the conclusion of the case. Thus, it is more productive and more reasonable for the court to address any such motions upon final resolution of this matter. See Forest Grove Sch. Dist. v. Student, 2013 WL 4012744, at *2 (D. Or. 2013) (granting stay of

attorney's fees motion, explaining that "[a] trial court may exercise its discretion by finding it is 'efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'") (quoting Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979)); Mediterranean Enter., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir.1983) ("The trial court "possesses the inherent power to control its own docket and calendar.")

Second, while it is possible, as Plaintiff argues, for a court to award attorney's fees even where the plaintiff does not prevail on every issue in the litigation, or even without specific knowledge of the ultimate monetary benefits conferred to a plaintiff, doing so here is unnecessary and premature. The current, unresolved posture of the case leaves the court with little guidance as to many of the factors relevant to attorney's fees determinations. See Hummell v. S.E. Rykoff& Co., 634 F.2d 446, 453 (9th Cir. 1980) (outlining the relevant factors as: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions). Thus, final resolution of the case will provide a more complete record for the court to evaluate and make any potential fee award.

**C.  Order**

Based on the foregoing, Plaintiff's Motion for Attorney's Fees and Costs (Dkt. No. 62) is DENIED WITHOUT PREJUDICE. Plaintiff may again seek attorney's fees and costs of suit upon the conclusion of this matter.

**IT IS SO ORDERED.**

Dated: February 15, 2017

_____
EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:14-cv-02524-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES WITHOUT PREJUDICE