UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OLGA GORBACHEVA,<br><br>    Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES EXTENDED DISABILITY PLAN, et al.,<br><br>    Defendants. | Case No. 5:14-cv-02524-EJD<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS**<br><br>Dkt. Nos. 109, 110 |

## I. INTRODUCTION

This is an action for disability benefits under ERISA. The Court granted summary judgment in favor of Defendants and entered judgment accordingly. Presently before the Court are competing motions for attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1), 28 U.S.C. §1920 and Federal Rule of Civil Procedure 54(d). In a renewed motion for fees and costs, Plaintiff requests an award of $191,415 (273.45 hours x $700/hour) in attorneys' fees and $1,201.60 in costs incurred to obtain the June 30, 2016 order remanding Plaintiff's claim to the plan administrator and preparing the instant motion.[1] Defendants seek $264,570.47 in attorneys' fees and $9,758.02 in costs. The Court finds it appropriate to take the motions under submission

---

[1] Plaintiff is not seeking compensation for time spent after the remand order.

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

1

for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, Plaintiff's motion is granted in part and Defendants' motion is denied.

## II. BACKGROUND

Plaintiff initiated this action in June of 2014, naming five defendants and asserting claims for benefits under (1) the Abbott Laboratories Extended Disability Plan ("EDP"), (2) the Abbott Laboratories Annuity Retirement Plan and (3) Retiree Health Plan. Plaintiff also sought statutory penalties. In December 2014, Defendants offered Plaintiff a voluntary remand to the plan administrator. Plaintiff was not interested in the offer because it did not include an award of back benefits and the exact parameters of the proposed remand were never discussed.

In May 2015, the parties filed cross-motions for summary judgment. Although there was a great deal of evidence in the record to support the plan administrator's decision to deny Plaintiff long term benefits, the Court remanded Plaintiff's claim to the plan administrator to consider a Functional Capacity Evaluation ("FCE") and a favorable Social Security award. The Court rejected the remainder of Plaintiff's arguments. Plaintiff filed her initial motion for fees and costs, which the Court denied without prejudice.

On remand, Plaintiff submitted 869 pages of additional medical records to the plan administrator; however, none of the records were from the relevant time frame. Nevertheless, the plan administrator considered the additional records, as well as the FCE and the Social Security award. The plan administrator denied Plaintiff's claim. The instant action was reopened and in February of 2018, the Court issued an order denying Plaintiff's motion for judgment as a matter of law and granting Defendants' motion for summary judgment. The Court concluded that the plan administrator did not abuse her discretion in denying Plaintiff's claim for disability benefits.

## II. STANDARDS

Pursuant to 29 U.S.C. § 1132(g)(1), a court in its discretion may award reasonable attorney's fees and costs of the action to either a plaintiff or defendant in an ERISA case. Estate of Shockley v. Alyeska Pipeline Serv. Co., 130 F.3d 403, 408 (9th Cir. 1997) ("We first disabuse

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

2

the district court of the suggestion that we favor one side or the other [plaintiffs or defendants] in ERISA fee cases. The statute is clear on its face—the playing field is level.").

The first step is to determine whether the party seeking fees achieved "some degree of success on the merits." Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 963 F. Supp.2d 950, 960-61 (N.D. Cal. 2013) (citing Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242 (2010)). Even if a claimant achieves some degree of success on the merits, a court has discretion in deciding whether to award fees. Five factors—known as the Hummell factors—guide the decision: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1121 (9th Cir. 2010). No one factor is determinative. Carpenters S. Cal. Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984).

If a court determines that a claimant is entitled to an award of fees, the court next analyzes the amount of fees that should be awarded. Barnes, 963 F.Supp.2d at 961. Under ERISA, fee awards to a prevailing party are calculated using a lodestar analysis, multiplying the number of hours reasonably expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

III. DISCUSSION

A. Plaintiff's Motion for Fees and Costs

Plaintiff achieved some degree of success on the merits by obtaining an order of remand. Hardt, 560 U.S. at 256; see also Binaley v. AT&T Umbrella Benefit Plan No. 1, No. 11-4722 YGR, 2013 WL 5402236, at *5 (N.D. Cal. Sept. 26, 2013) (an order remanding to the plan administrator may be sufficient success on the merits for attorneys' fee purposes); Barnes v.

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

3

AT&T Pension Benefit Plan-Nonbargained Program, 963 F. Supp.2d at 962-63. Although Plaintiff ultimately was not awarded the disability benefits she sought, the order of remand cannot be fairly characterized as merely a "trivial success" or a "purely procedural victor[y]"[2] under the factual circumstances of this case.

Turning next to the Hummell factors, the first factor weighs in favor of awarding fees. Defendants are culpable insofar as the administrator failed to consider Plaintiff's FCE and a favorable Social Security decision, and thus failed to conduct a full and fair review of Plaintiff's claims are mandated by ERISA. Second, Defendants have the ability to satisfy an award of fees. The third factor weighs against an award of fees. There is no evidence of bad faith and therefore, an award of fees is not likely to have a deterrent effect. As to the fourth factor, Plaintiff's claim did not seek to benefit other plan participants. Nor did this litigation resolve any significant legal issue. Instead, this case focused on the specific factual circumstances of Plaintiff's employment and alleged physical impairments. The fourth factor weighs against an award of fees. The fifth factor weighs in favor of awarding fees incurred in obtaining the order of remand. The majority of the Hummell factors are satisfied.

Having determined that Plaintiff is entitled to an award of fees incurred in obtaining the order of remand, the next step is to consider whether the requested fees are reasonable. In Barnes, the court explained:

> In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary. A district court then makes a two-part inquiry: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award? A plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff's successful . . . claim.

Barnes, 963 F.Supp.2d at 968 (internal citations and punctuation omitted).

---

[2] Hardt, 560 U.S. at 255.
CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

4

Defendants contend that Plaintiff's fees are excessive for several reasons. First, Defendants contend that Plaintiff's request for fees includes fees incurred after Defendants' offer of a voluntary remand in December of 2014. See Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000) ("Substantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees, even where Rule 68 does not apply. Attorney's fees accumulated after a party rejects a substantial offer provide minimal benefit to the prevailing party, and thus a reasonable attorney's fee may be less than the lodestar calculation.") (citation omitted)). According to Defendants' calculations, over $171,000 of the $191,415 claimed fees could have been avoided if Plaintiff had accepted Defendants' remand offer. Defendants' argument is unpersuasive because the parties' discussions did not progress past the preliminary stage and the parties never discussed the details of the proposed remand.

Second, Defendants contend that Plaintiff's fee request is excessive because Plaintiff seeks fees at counsel's current rate of $700 per hour instead of the $550-600 per hour rate that was in effect at the time the work was performed (between April 2014 and September 2016). Defendants reason that Plaintiff delayed the resolution of the case by rejecting their offer of remand and failing to provide medical records in a timely manner. Defendants contend that "Plaintiff's dilatory tactics should not be rewarded through the use of an inflated hourly rate for time worked in 2014, 2015, and 2016." Defendants' Opposition, p. 16.

Courts have discretion to apply an hourly rate that is reasonable "in light of the totality of the circumstances and the relevant factors, including delay in payment." James v. AT&T Disability Benefits Program, No. 12-6318 WHO, 2014 WL 7272983, at *4 n.5 (N.D. Cal. Dec. 22, 2014). Here, there were delays in the proceedings that justify applying the current hourly rate for Plaintiff's counsel. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 947 (9th Cir. 2007) ("District courts have the discretion to compensate plaintiff's attorneys for a delay in payment by either applying the attorney's current rates to all hours billed during the course of the litigation or

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

5

using the attorneys' historical rates and adding a prime rate enhancement."). The primary cause of the delays was the voluminous medical records, and not Plaintiff's conduct.

Third, Defendants contend that counsel's experience and quality of representation do not justify an hourly rate of $700 per hour. The argument is unfounded. The requested $700 per hour is fully substantiated by the declarations of Plaintiff's counsel, James Keenley and Brian Kim, as well as attorneys who specialize in ERISA litigation, including Glenn Kantor, Daniel Feinberg, Terrence Coleman, Teresa Renaker, Michelle Roberts, Joseph Creitz.

In the final step, the court considers, among other things, whether the fee claimant achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. In Caplan v. CNA Fin. Corp., 573 F.Supp.2d 1244 (N.D. Cal. 2008), the court explained:

> The Supreme Court offers two different approaches for setting reasonable fees in cases where a plaintiff's success is limited. Where a suit includes separable legal claims, fees may be awarded only for work on claims that were successful. To do this, a district court may attempt to identify specific hours that should be eliminated. However, where multiple claims are difficult to separate because they involve a "common core of facts based on related legal theories," such an approach may not be possible. Instead, the court may adopt the alternative approach described in Hensley: simply reduce the award to account for the limited success. To determine the appropriate amount of reduction, the court should not use a mathematical ratio of winning claims to losing claims. Instead, it should compare the significance of the overall relief obtained to all the claims and remedies plaintiffs pursued in the litigation.

Id. at 1250-51 (internal citations and punctuation omitted).

The Court has considered the entire scope of the proceedings. Applying the alternative approach in Hensley, the Court finds that Plaintiff did not achieve a level of success to justify a fee award of $191,415. Plaintiff sought significant damages in the form of benefits and statutory penalties, but was awarded neither. Defendants ultimately prevailed on all claims in this litigation. In light of the limited success Plaintiff achieved, the Court finds that a 10% reduction is appropriate.

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

6

Lastly, Plaintiff's request for reimbursement of costs is reasonable. Plaintiff expended $1,201.60 to pay for the filing fee, the deposition related costs and copying costs. These expenses are routinely incurred in the course of litigating cases of this complexity and length.

B.  Defendants' Motion for Fees and Costs

Defendants seek attorneys' fees and costs as the prevailing party. Defendants contend that Plaintiff's claims lacked factual and legal support and that Plaintiff's conduct unnecessarily increased the fees and costs incurred in the case.

Defendants have unquestionably achieved "some degree of success on the merits." Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 963 F. Supp.2d at 960-61. The majority of Hummell factors, however, weigh against an award of fees and costs. First, Plaintiff did not engage in culpable or bad faith conduct in pursuing her claims. Second, Plaintiff has no ability to satisfy the requested award of fees and costs. At present, Plaintiff's sole sources of income are her Social Security benefits and a modest pension. See Plaintiff's Declaration, ¶2. Third, an award of fees and costs under the circumstances of this case is unlikely to have any deterrent effect. The fourth Hummell factor is inapplicable.

## IV.  CONCLUSION

Plaintiff's motion for fees and costs is GRANTED in part. Plaintiff is awarded attorneys' fees in the amount of $172,273.50 and costs in the amount of $1,201.60. Defendants' motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated:   May 25, 2018

_____
EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:14-CV-02524-EJD
ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS; DENYING DEFENDANTS' MOTION FOR FEES AND COSTS

7