Joseph J. Torres (admitted *pro hac vice*)
JTorres@Jenner.com
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Telephone: (312) 840-8685

Heather L. Kriz (admitted *pro hac vice*)
hkriz@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Defendants Abbott
Laboratories Extended Disability Plan,
Abbott Laboratories Annuity Retirement Plan,
Abbott Laboratories Retiree Health Care Plan,
Abbott Laboratories, Inc., and James Sipes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| OLGA GORBACHEVA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES EXTENDED DISABILITY PLAN; ABBOTT LABORATORIES ANNUITY RETIREMENT PLAN; ABBOTT LABORATORIES RETIREE HEALTH CARE PLAN; ABBOTT LABORATORIES, INC.; JAMES SIPES, as Plan Administrator of the Abbott Laboratories Extended Disability Plan,<br><br>　　　Defendants. | Case No. 5:14-cv-02524-EJD<br><br>The Honorable Edward J. Davila<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR RELEASE OF SUPERSEDEAS BOND AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date Action Filed:  June 2, 2014 |

**NOTICE OF DEFENDANTS' UNOPPOSED MOTION FOR RELEASE OF SUPERSEDEAS BOND**

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants will, and hereby do, move this Court for an Order releasing the supersedeas bond posted by Defendants in this matter.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities in support of the Motion, and the Proposed Order filed concurrently herewith, all pleadings and papers on file herein, and upon such further oral and documentary evidence as may be presented at or before the hearing on this Motion.

Dated:  June 3, 2020                    Respectfully submitted,

                                        JENNER & BLOCK LLP

                                        By:   /s/ Joseph J. Torres
                                              Joseph J. Torres (admitted *pro hac vice*)

Winston & Strawn LLP
101 California Street

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

For the reasons set forth below, Defendants respectfully request that this Court enter an Order releasing the supersedeas bond posted by Defendants in this matter, which is currently being maintained in the amount of $262,000.

### II.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should issue an Order releasing the supersedeas bond posted by Defendants in this matter.

### III.   STATEMENT OF RELEVANT FACTS

On February 12, 2018, this Court granted summary judgment to Defendants and denied Plaintiff's motion for judgment as a matter of law. Dkt. 103, 104. On May 25, 2018, this Court entered a final order granting, in part, Plaintiff's Motion for Fees and Costs, denying Defendants' Motion for Fees and Costs, and awarding Plaintiff attorneys' fees in the amount of $172,273.50 and costs in the amount of $1,201.60, for a total award of $173,475.10. Dkt. 119. On June 25, 2018, Defendants timely filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit from this Court's final order. Dkt. 120. On the same date, Defendants filed a motion for approval of a supersedeas bond in the amount of $262,000, and for a stay of enforcement, pending their appeal, of the award of attorneys' fees and costs to Plaintiff. Dkt. 121. On August 23, 2018, this Court granted Defendants' motion and approved the proposed $262,000 supersedeas bond. Dkt. 125.

On December 10, 2019, the Ninth Circuit affirmed this Court's grant of summary judgment, reversed this Court's fee award, and remanded. Dkt. 126. In particular, with respect to the fee award, the Ninth Circuit held that the hours expended on the litigation after Plaintiff's rejection of the Plan's remand offer were not reasonable, and it remanded "so that the district court may re-calculate Gorbacheva's fees to include only those fees incurred prior to her rejection of the Plan's offer of a voluntary remand." *Id.* at 6-7.

6

Defendants' Unopposed Motion for Release of Supersedeas Bond; Memorandum of Points and Authorities in Support Thereof – Case No. 5:14-cv-02524-EJD

On February 11, 2020, Plaintiff filed a Notice of Settlement.  Dkt. 134.  On March 13, 2020, the parties submitted a joint statement advising the Court that they were continuing to work to finalize a written settlement agreement, and requesting additional time to continue their work.  Dkt. 136.  On April 28, 2020, the parties submitted a further joint statement stating that Plaintiff was in the process of seeking additional counsel to review the proposed final written settlement agreement, and requesting a continuance of ninety days.  Dkt. 139.  On April 29, 2020, this Court granted the request and continued the order to show cause hearing to August 13, 2020.  Dkt. 140.

Meanwhile, Defendants have continued to maintain the $262,000 supersedeas bond as approved by the Court.  However, the bond is due for renewal shortly, and the maintenance of the bond is at an ongoing cost to Defendants without serving any material purpose given the current procedural posture of this matter.

By email dated June 1, 2020, counsel for Plaintiff informed counsel for Defendants that he has no objection to this Motion.

### IV.   ARGUMENT

"The purpose of a supersedeas bond is to protect plaintiff's interests while defendant pursues its appeal." *Clark v. Hidden Valley Lake Ass'n*, 2018 WL 2412136, at *4 (N.D. Cal. May 29, 2018) (citing *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)).  Here, the appeal has concluded, and the parties have reached a settlement in principal.  Finalization of the written settlement agreement has been delayed due to the COVID-19 pandemic and Plaintiff's ongoing effort to obtain an additional legal review of such agreement.  *See* Dkt. 138, 139.  However, Defendants respectfully submit that continued maintenance of the supersedeas bond is not necessary where, as here, the parties have agreed to a settlement in principal, there is no indication that Defendants will be unable to satisfy their obligations under the settlement agreement, and Plaintiff's counsel has indicated that he has no objection to release of the bond.

### V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an Order

7

releasing the supersedeas bond posted by Defendants in this matter.

Dated: June 3, 2020

Respectfully submitted,

JENNER & BLOCK LLP

By: /s/ Joseph J. Torres
Joseph J. Torres (admitted *pro hac vice*)

Attorneys for Defendants
ABBOTT LABORATORIES EXTENDED DISABILITY PLAN; ABBOTT LABORATORIES ANNUITY RETIREMENT PLAN; ABBOTT LABORATORIES RETIREE HEALTH CARE PLAN; ABBOTT LABORATORIES, INC.; and JAMES SIPES

Not applicable

# [PROPOSED] ORDER

Having considered Defendants' Unopposed Motion for Release of Supersedeas Bond and the Memorandum of Points and Authorities in Support thereof, the Court rules as follows:

IT IS HEREBY ORDERED that the supersedeas bond posted by Defendants shall be and hereby is released.

IT IS SO ORDERED.

Dated: _____, 2020                          _____
                                                 HONORABLE EDWARD J. DAVILA
                                                 UNITED STATES DISTRICT JUDGE